**J AND D FERTILIZERS, LTD.,**
dba D. Stutzman Farms,
*Petitioner,*

*v.*

**CLACKAMAS COUNTY,**
*Respondent.*

(LUBA 90-073; CA A66844)

803 P2d 280

Steven Schwindt, Canby, argued the cause for petitioner. With him on the brief was Reif & Reif, Canby.

Michael E. Judd, Chief Assistant County Counsel, Oregon City, argued the cause for respondent. With him on the brief was Clackamas County Counsel, Oregon City.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner operates a fertilizer business on two lots in an exclusive farm use zone in Clackamas County. On an adjacent lot, it has been storing chicken manure that it uses in its business and that it obtains only from chicken growers. Petitioner sought a determination from the county that the storage of manure is a use permitted outright on the lot or, alternatively, that it is a nonconforming use or that petitioner has a vested right in the use.[1] After a hearing, the county answered no to all of the questions. Petitioner appealed to LUBA, which affirmed the county's decision. Petitioner now seeks our review, and we affirm.

Section 401.03.A of the county zoning ordinance, which materially duplicates ORS 215.203(2)(a), defines as "farm uses" that are permitted outright in the EFU zone:

> "The current employment of land, including that portion of such lands under buildings supporting accepted farm practices, for the purpose of obtaining profit in money by raising, harvesting, and selling crops or by the feeding[,] breeding, management and sale of, or produce of, livestock[,] poultry, fur-bearing animals or honeybees or for dairying and the sale of dairy products and any other agricultural or horticultural use or animal husbandry, or any combination thereof. Farm use includes the preparation and storage of the products raised on such land for man's use and animal use and disposal by marketing or otherwise."

Petitioner argues that manure is a product of a farming activity, albeit someone else's, and that petitioner in turn uses the manure for producing and marketing a product. It asserts that the storage of manure is an agricultural use that comes within the first sentence of section 401.03.A and that it also comes within the second sentence, because it constitutes the storage of a product "raised on such land for * * * disposal by marketing or otherwise."

LUBA disagreed with petitioner's argument that is based on the first sentence of the provision and concluded that that sentence relates to agricultural production, not the storage of agricultural products. We agree. Moreover, there would

---

[1] Petitioner does not raise the vested right issue on review.

be no purpose to the second sentence if that interpretation of the first sentence was not correct.

Although LUBA regarded petitioner's argument that is based on the second sentence as presenting a closer question, it also rejected it. The issue that LUBA addressed was whether the words "such land" refer to *any* agricultural land or only to the land on which the stored products are produced. LUBA reviewed a number of opinions of its own and the courts and concluded that,

> "under ORS 215.203(2)(a) and ZDO 401.03.A, 'the preparation and storage of [farm] products raised on such land for man's use * * * and disposal by marketing or otherwise,' i.e. 'farm use,' does not require that *all* agricultural products involved in such an operation be produced on the land where the preparation and storage takes place. However, we also conclude that an operation for the preparation or storage of agricultural products where *none* of the products are produced on the land where the preparation or storage takes place does *not constitute farm use.*" (Emphasis in original.)

We agree with LUBA that the storage of farm products, none of which is produced on the land where the storage takes place, is not a farm use within the meaning of ORS 215.203(2)(a) or the county ordinance provision. We expressly do not comment on LUBA's suggestion that storage is a farm use within the meaning of the statute and the ordinance if all or some of the production occurs on the property, because this case presents no such question. *See* note 1, *infra.*

Petitioner argues that the county's and LUBA's interpretation of the ordinance is at odds with the realities of agricultural practice and effectively eliminates a necessary ancillary activity of farm operations. The county answers, correctly, that petitioner's argument is misfocused, because the storage of agricultural products on land other than the site of their production can be allowed as a conditional use under the county ordinance and state statutes. Hence, nothing in the county's or LUBA's position makes it impossible for farm products to be stored on agricultural land other than the land where they are produced, if conditional use criteria are satisfied. However, the only question that petitioner presents is whether the use is permitted outright under the ordinance and, derivatively, whether it comes within the term "farm

use" in ORS 215.203(2)(a). We agree with LUBA's answer to that question.[2]

Petitioner also assigns error to LUBA's rejection of its argument that the county's finding that petitioner did not establish a nonconforming use was unsupported by substantial evidence in the whole record. We are satisfied that LUBA correctly understood and applied the substantial evidence test. *See Cusma v. City of Oregon City,* 92 Or App 1, 757 P2d 433 (1988).

Affirmed.

---

[2] For similar reasons, we consider *Craven v. Jackson County,* 308 Or 281, 779 P2d 1011 (1989), *Earle v. McCarthy,* 28 Or App 539, 560 P2d 665 (1977), and other cases discussed by LUBA or relied on by the parties to be of limited relevance, insofar as they deal with conditional uses under state law or local ordinances.